BLD-003                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2676
_____

IN RE:  EVELYN RIVERA, Debtor

John J. Lynch, Sr.,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cv-00408)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 1, 2020

Before: AMBRO, SHWARTZ, and PORTER, Circuit Judges

(Opinion filed: October 15, 2020)

_____

OPINION[*]
_____

PER CURIAM

John J. Lynch, Sr., appeals pro se from the District Court's order affirming the Bankruptcy Court's decision granting debtor Evelyn Rivera's motion to avoid a judicial lien held by Lynch. For the reasons that follow, we will summarily affirm the District Court's order.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2016, Rivera, through counsel, filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Rivera subsequently filed a motion in the Bankruptcy Court pursuant to 11 U.S.C. § 522(f), seeking to avoid a pre-bankruptcy judicial lien held by Lynch against her residence located at 10814 Modena Terrace in Philadelphia ("the Property").[1]

Under § 522(f), a debtor may avoid the fixing of a judicial lien on a property interest "to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)]." 11 U.S.C. § 522(f)(1). One such exemption concerns

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In 2015, Lynch obtained a default judgment against Rivera in the Philadelphia County Court of Common Pleas for injuries that Lynch allegedly sustained on his own property.

2

real property that the debtor uses as a residence. See 11 U.S.C. § 522(b), (d)(1). A lien

"impairs" an exemption to the extent that the sum of (1) that lien, (2) all other liens on the

property in question, and (3) "the amount of the exemption that the debtor could claim if

there were no liens on the property" "exceeds the value that the debtor's interest in the

property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). In this case,

Rivera argued that avoidance of Lynch's judicial lien was warranted because the Property

was encumbered by a first-priority mortgage, held by Bayview Loan Servicing, LLC

("Bayview"), in an amount that exceeded the appraised value of the Property.

In January 2017, the Bankruptcy Court granted, over Lynch's objection, Rivera's

motion to avoid his judicial lien. Lynch then timely appealed the Bankruptcy Court's

order to the United States District Court for the Eastern District of Pennsylvania.[2] In an

order entered July 3, 2018, the District Court affirmed the Bankruptcy Court's order,

explaining that, "[b]ecause Lynch possessed a judicial lien which was subordinate to

Bayview's interest in Rivera's property which ultimately encumbered the property in full,

the Bankruptcy Court properly avoided his judicial lien." (Dist. Ct. Order entered July 3,

2018, at 5 n.1.) This timely appeal from the District Court's order followed.

---

[2] An appeal from a bankruptcy court's order must be filed within 14 days after the entry of the order being appealed. See Fed. R. Bankr. P. 8002(a)(1). As the District Court explained in an order entered on March 16, 2017, although Lynch's notice of appeal was not docketed in the Bankruptcy Court until *20* days after the Bankruptcy Court entered its order, his appeal was nevertheless timely because he was incarcerated when he filed the notice of appeal and he submitted that notice to prison authorities for forwarding to the Bankruptcy Court before the 14-day appeal period expired. See Fed. R. Bankr. P. 8002(c)(1).

II.

The District Court had jurisdiction over Lynch's appeal from the Bankruptcy

Court's order, see 28 U.S.C. § 158(a)(1); In re Schick, 418 F.3d 321, 323 (3d Cir. 2005),

and we have jurisdiction over his appeal from the District Court's order pursuant to 28

U.S.C. §§ 158(d)(1) and 1291.[3] "Because the District Court acted as an appellate court,

we review its determinations *de novo*." Shearer v. Titus (In re Titus), 916 F.3d 293, 299

(3d Cir. 2019). "We review the legal conclusions of the Bankruptcy Court *de novo* and

its factual determinations for clear error." Id.

Lynch's appellate filings are not models of clarity. Some of his arguments appear

to concern issues that were the subject of other legal proceedings (i.e., Pennsylvania

state-court proceedings and an adversary proceeding that he brought in the Bankruptcy

Court against Rivera, Bayview, and others) and thus fall outside the scope of this appeal.[4]

He also appears to contend that he is entitled to information about, and proceeds from, a

homeowner's insurance policy that may or may not exist on the Property, but he does not

---

[3] Although Lynch submitted his notice of appeal to the District Court in July 2018, that notice did not become effective until August 10, 2018, when the District Court denied his timely motion for reconsideration. See Fed. R. App. P. 4(a)(4)(B)(i). Because Lynch did not file a new notice of appeal or amend his original notice after the District Court entered its August 10, 2018 order, our jurisdiction over this appeal does not extend to that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 191 n.7 (3d Cir. 2015).

[4] In late 2016, the Bankruptcy Court entered orders granting, with prejudice, the defendants' motions to dismiss Lynch's adversary complaint. Lynch appealed from those orders, but the District Court dismissed that appeal as untimely. Lynch did not appeal from that District Court judgment.

4

explain, and we do not see, how any of this bears on the Bankruptcy Court's ruling that is before us. In short, Lynch has failed to demonstrate that the Bankruptcy Court erred in granting Rivera's motion for an avoidance under § 522(f), or that the District Court erred in affirming that decision.[5]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's July 3, 2018 order. See 3d Cir. I.O.P. 10.6.

---

[5] To the extent that Lynch argues that his rights were violated at the Bankruptcy Court hearing that addressed Rivera's motion to avoid his judicial lien, Lynch forfeited this argument by failing to raise it in his appellate brief filed in the District Court. See Sikirica v. Wettach (In re Wettach), 811 F.3d 99, 113-14 (3d Cir. 2016).

5